**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2336-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RODNEY ARMOUR,

    Defendant-Appellant.

_____

Submitted May 14, 2020 – Decided June 26, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 02-12-2454.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On December 1, 2006, defendant Rodney Armour was finally resentenced as an extended-term offender to twenty years imprisonment subject to the eighty-five percent parole bar found in the No Early Release Act, N.J.S.A. 2C:43-7.2. The sentence was imposed after his conviction by a jury of second-degree robbery, N.J.S.A. 2C:15-1. During the trial, defendant was identified by the robbery victim, who spent several minutes in defendant's company, as well as an employee of a nearby store who witnessed the robbery and contacted the authorities, in addition to a videotape from a nearby store surveillance camera. On November 5, 2018, a Law Division judge denied defendant's second post-conviction relief (PCR) petition. For the reasons that follow, we affirm.

We need recount only the latter portion of the procedural history in the matter so that our decision is placed in the appropriate context. Defendant's first PCR petition was denied on August 15, 2008. Defendant was then represented by Project Freedom Fund, an entity later found to have violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -224.

On December 16, 2010, we issued an unpublished opinion affirming the Law Division's denials of defendant's first PCR petition. State v. Armour, No. A-0672-08 (App. Div. Dec. 16, 2010). On this appeal, defendant was

represented by private counsel. The Supreme Court denied certification. State v. Armour, 206 N.J. 330 (2011).

Defendant next filed an application for a new trial based on the theory that an incomplete latent fingerprint found on the victim's automobile could now be submitted for more sophisticated testing techniques that became more widely available since his trial. In addition, in that application, defendant also sought a new trial based on ineffective assistance of counsel. Defendant's second point on the appeal of the denial of that motion read as follows:

> POINT II
>
>  . . . .
>
> B. THE TRIAL COURT ERRONEOUSLY FAILED TO ADDRESS [DEFENDANT'S] ARGUMENT FOR A NEW TRIAL BASED ON INEFFECTIVE ASSISTANCE OF [PCR] COUNSEL.
>
> [State v. Armour, 446 N.J. Super. 296, 305 (App. Div. 2016).]

In our decision affirming the trial court's November 21, 2014 order denying defendant's petition for a new trial, we deferred defendant's ineffective assistance of counsel claims "to a PCR petition. See R. 3:22-12(a)(2) (permitting the filing of a second or subsequent PCR if that petition alleges the ineffective assistance of PCR counsel, subject to certain time restrictions);

A-2336-18T2

R. 3:22-4(b)." Id. at 317. We did not discuss the issue of the time bar, deferring any discussion to a further application but noting the fact it could be barred for that reason.

Pursuant to Rule 3:22-12(a)(2), second or subsequent petitions for PCR must be filed no later than one year after the denial of post-conviction relief. The rule specifically applies the one-year limit to cases in which the allegation of ineffective assistance of counsel is being levied against counsel on the first PCR petition. Generally, first petitions for post-conviction relief must be made no more than five years after the date of entry of a judgment of conviction. See R. 3:22-12(a)(1).

This second PCR petition alleged ineffective assistance of trial counsel, appellate counsel, and PCR counsel. All those claims exceed the time bars found in the rules. Whether this petition's filing date—March 30, 2017—is juxtaposed against the August 15, 2008 Law Division order denying the first PCR petition, or the November 21, 2014 Law Division order that did not grant a new trial based on ineffective assistance of counsel, it is clear that defendant's most recent PCR application is untimely. This application was filed, at the earliest date, on

March 30, 2017.[1]  For the sake of completeness, we set forth defendant's points on appeal:

> POINT I
>
> AS [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL ON HIS FIRST PETITION FOR POST-CONVICTION RELIEF, HE IS ENTITLED TO RELIEF.
>
> POINT II
>
> TRIAL AND APPELLATE COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED UNDER THE SIXTH AMENDMENT.
>
> > (1) Appellate counsel was ineffective when he failed to argue that the trial court erred when it failed to dismiss the indictment.
> >
> > (2) Trial counsel's errors denied [defendant] his constitutional right to testify at trial.
> >
> > (3) Trial counsel was ineffective by failing to present a complete defense.
> >
> > (4) Trial counsel failed to object to the State's prejudicial remarks at trial and appellate counsel was ineffective by failing to raise the matter on direct appeal.

---

[1] Defendant's attorney did not provide a filed copy of the 2006 judgment of conviction, nor the PCR petition from which defendant appeals.  See R. 2:6-1(a)(1).  Defendant signed his second PCR petition on March 30, 2017.  We therefore use that date for our discussion.

(5) Trial and appellate counsel failed to object to improper jury charges that had been presented to the jury.

(6) Counsel's cumulative errors denied [defendant] effective legal representation.

POINT III

THE PCR COURT ERRED WHEN IT FOUND [DEFENDANT'S] CLAIMS WERE PROCEDURALLY BARRED.

POINT IV

AS THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED.

All defendant's claims are time barred. Defendant's second PCR petition should have been filed on or before August 15, 2009. No doubt seeking to avoid imposition of the time bar, the motion for a new trial that included claims of ineffective assistance of counsel was merely styled "motion for a new trial" rather than a petition for PCR. Nonetheless, even if we consider the time frame here most favorably to defendant, the Law Division order that denied his application for a new trial based on claims of ineffective assistance of counsel and additional fingerprint testing was entered November 21, 2014. The within application came two and one-half years after that date. Defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-2336-18T2

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2336-18T2